# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA PSYCHIATRIC TRANSITIONS, INC.,<br><br>        Defendant.<br>_____/ | CASE NO. CV-F-08-1478 LJO DLB<br><br>**ORDER ON MOTION FOR RECONSIDERATION** (Doc. 37) |

Defendant California Psychiatric Transitions, Inc. ("CPT') filed a motion for reconsideration of this Court's denial of defendant's motion for summary judgment pursuant to Fed.R.Civ. P 56. The Court elected to decide the motion without considering an opposition or reply. Pursuant to Local Rule 230(g), this motion is submitted on the pleadings without oral argument, and the hearing set for September 8, 2010 is VACATED. Having considered the moving and opposition papers, as well as the Court's file, the Court issues the following order.

## **FACTUAL BACKGROUND**[1]

Plaintiff EEOC, the federal agency charged with enforcing Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), brought this action on behalf of Charging Party Audel Mendoza ("Mendoza"). The EEOC alleges that Mendoza was fired from his position at CPT in retaliation both for his association with Mariel Somera, a woman who had complained of, and brought a sexual

---

[1] The facts in this section are summarized from the Court's Factual Background in the Summary Judgment Order. (Doc. 31, Order.)

harassment charge against CPT ("Somera Charge"), and because Mendoza engaged in participation activity.

On September 14, 2004, and on October 14, 2004, EEOC served CPT with the Somera Charge alleging that Somera was sexually harassed by Manager Larry Fuentes. In early Spring 2005, the EEOC's investigation into the Somera charge became more active. On March 28, 2005, the EEOC mailed CPT Director, James Drayton, a Request for Information and on April 23, 2005, investigator Malinda Tuazon held a teleconference with Drayton to arrange to come on-site and interview witnesses.

At around the time EEOC began requesting information from CPT, Supervisor Latrice Wills commented to Mendoza that she heard "he still talked" to Somera. Mendoza confirmed he still talked to Somera. A few weeks later, on April 27, 2005, and a few days after the EEOC investigator spoke with Drayton about conducting an on-site visit, CPT fired Mendoza. Mendoza filed a charge of discrimination with the EEOC.

The EEOC filed this action on behalf of Mendoza on September 30, 2008 with a single claim for retaliatory termination in violation of Title VII. In June 2010, the parties filed cross-motions for summary judgment pursuant to Fed.R.Civ. P 56. As relevant to the current motion, the Court denied defendant CPT's motion for summary judgment on the claim of retaliation on July 9, 2010. On August 4, 2010, CPT filed the current Fed.R.Civ.P. 59(e) styled motion which this Court construes as reconsideration motion.

## ANALYSIS AND DISCUSSION

**A.    Reconsideration Standards**

Either the moving or opposing party may seek reconsideration of a summary judgment ruling. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is committed to the trial court's discretion. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

**B.   Clear Error**

Defendant contends the Court's denial of CPT's motion for summary judgment was "clear error" in that:

(1)   the Court concluded that the termination of Mendoza occurred "immediately after" defendant learned of the Somera Charge, and thus, should have granted summary judgment on the sole cause of action for retaliation in violation of Title VII.

(2)   although plaintiff admitted that defendant's decision-maker did not have knowledge that Mendoza had been identified as a witness, the Court determined that the EEOC's interrogatory response was circumstantial evidence of causation.

The Court addresses each ground in turn.

### 1. Temporal Proximity

Defendant CPT argues that the Court's conclusion that CPT discharged Mendoza immediately after the decision-maker learned of the EEOC Somera charge of discrimination was clear factual error. CPT argues this was factual error because the undisputed evidence showed the Somera Charge was served on CPT on September 14, 2004 and Mendoza was not terminated until April 28, 2005. Thus, the gap of seven months precludes a finding of proximity. CPT faults that Court's factual findings that "Mendoza was fired shortly after notice to Drayton of the Somera Charge" and " Drayton had Mendoza fired immediately after learning of the Somera Charge." (Doc. 31, Order p. 10.) CPT argues that where there is a gap of seven months between notice of the Somera Charge and the termination, the "reasonable inference of causation falls out of the picture." (Doc. 37, Motion p.6.)

In its order, this Court noted that causation must be shown "by evidence that engaging in the protected activity was one of the reasons for the adverse employment decision and that but for such activity the decision would not have been made." *Kraus v. Presidio Trust Facilities Division/Residential Management Branch*, __ F.Supp.2d __, 2010 WL 1293788 (N.D. Cal. 2010) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002)). "The causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [plaintiff] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)), *cert. denied,* 488 U.S. 1006 (1989).

In its argument, CPT focuses too narrowly upon the temporal proximity between the <u>formal</u> notice of the Somera Charge and Mendoza's termination. Rather, there was circumstantial evidence that a reasonable trier of fact could conclude that notice to the decision maker, Drayton, was close in proximity to Mendoza's termination. In early Spring 2005, the EEOC's investigation into the Somera charge became more active. On March 28, 2005, the EEOC mailed CPT Director, James Drayton, a Request for Information and on April 23, 2005, investigator Malinda Tuazon held a teleconference with Drayton to arrange to come on-site and interview witnesses. At around the time EEOC began requesting information from CPT, Supervisor Latrice Wills commented to Mendoza that she heard "he still talked"

to Somera. Mendoza confirmed he still talked to Somera. A few weeks later, on April 27, 2005, and a few days after the EEOC investigator spoke with Drayton about conducting an on-site visit, CPT fired Mendoza.

The proximity of time to Mendoza's termination occurred once decision maker Drayton actively began dealing with the EEOC's investigation of the Somera Charge. Arguably, the formal notice did not trigger "retaliatory conduct," but the active investigation of the Somera Charge once Drayton became involved triggered the retaliation. Arguably, during the Somera investigation, Drayton learned Mendoza may be involved. Thus, "Drayton had Mendoza fired immediately after learning of the Somera charge." (Doc. 31, Order p. 10.) In a summary judgment, all reasonable inferences that may be drawn from the facts before the court must be drawn in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). Thus, this Court cannot rule as a matter of law that causation "falls out of the picture." Accordingly, CPT has not shown a clear factual error.

**2.     Interrogatory Response and Knowledge by the Decision maker**

CPT argues that Court's consideration of the interrogatory response identifying Mendoza as a a witness is irrelevant because the EEOC admitted in the undisputed facts that Drayton had no knowledge of Mendoza as a witness. The interrogatory response states, in part, "Somera identified Charging Party Mendoza as a witness to some of Fuente's harassing conduct toward Somera." CPT argues that the EEOC admitted that "Mendoza's status as a 'witness' was not known to Drayton."

For the same reasons as in the previous section, the Court does not find a "clear error." Whether Mendoza was a "witness" or just helping Somera, the argument can be made from the factual evidence that Drayton did not want an employee helping a charging party. Therefore, Drayton had Mendoza fired. This is a reasonable inference from the evidence. Accordingly, CPT has not shown a clear factual error.

CPT further argues that knowledge on the part of CPT of an alleged relationship, even a romantic relationship, is not knowledge of conduct protected by Title VII. Nor is it conduct on the part of CPT at all. Thus, no reasonable inference of ill-motive on the part of CPT may be inferred by reason of common knowledge of such a relationship.

As discussed above, the Court concludes that a reasonable inference can be made from the facts presented in the summary judgment, notwithstanding CPT's current argument. CPT has not shown a

1 clear factual error.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES CPT's motion for reconsideration of summary judgment.

IT IS SO ORDERED.

**Dated:   August 26, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE