**WILLIAM R. TAMAYO, SBN 084965**
**DAVID F. OFFEN-BROWN, SBN 063321**
**DANA C. JOHNSON, SBN 187341**
**RAYMOND T. CHEUNG, SBN 176086**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5697
Facsimile: (415) 625-5657
dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

**HEWITT & TRUSZKOWSKI**
**STEPHEN L. HEWITT, SBN 102729**
**HENRY C. TRUSZKOWSKI, SBN 169243**
4640 Lankershim Blvd., Ste. 600
North Hollywood, CA 91602-1818
Telephone:  (818) 509-0311
Facsimile:  (818) 509-0402
hctruszkowski@hewittlegal.com

Attorneys for Defendant CALIFORNIA PSYCHIATRIC TRANSITIONS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CALIFORNIA PSYCHIATRIC TRANSITIONS<br><br>　　　　Defendant. | Case No.  1:08-CV-01478 SKO<br><br>**CONSENT DECREE** |

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of retaliation and to make whole Audel Mendoza, who was aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendant California Psychiatric Transitions, Inc. ("CPT" or "the Company") unlawfully retaliated against Mr. Mendoza by discharging him. The Company denies the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission and Defendant (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication of and/or a finding on the merits of the Lawsuit.

This Consent Decree resolves all claims arising out of EEOC Charge No. 370-2005-01837 and the complaint filed in the Lawsuit, and constitutes a complete resolution of all claims of retaliation under Title VII that were made or could have been made by the Commission in this Lawsuit. This Consent Decree also resolves all claims for attorneys' fees and costs that were made or could have been made by either of the Parties in this Lawsuit. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made and approved in writing by all the Parties to this Consent Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Consent Decree for the purpose of enforcement of the Consent

CA 1:08-CV-01478 SKO
**CONSENT DECREE**                                2

PDF created with pdfFactory trial version www.pdffactory.com

Decree until the expiration of Defendants' obligations as set forth herein.

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. Each Party shall be responsible for its own costs and attorneys' fees.

### CPT'S ONGOING OBLIGATIONS UNDER EXISTING CONSENT DECREE

4. The Parties expressly acknowledge that CPT is subject to a Consent Decree in connection with EEOC v. California Psychiatric Transitions, Inc., Case No. 1:06-CV-01251-OWW-GSA (E.D. Cal. 2006), which Consent Decree contains, among other things, provisions (1) enjoining CPT from retaliating against former and current employees, and (2) requiring training on Title VII's anti-retaliation provisions.

### GENERAL INJUNCTIVE RELIEF

5. Retaliation: The Company its officers, agents, managers (including supervisory employees), successors and assigns, shall not engage in, implement or permit any action, policy or practice with the purpose of retaliating against Audel Mendoza or any current or former employee of the Company because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation into claims of harassment or other discriminatory acts (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree.

### MONETARY RELIEF

6. The Company agrees to pay to Audel Mendoza the total, aggregate sum of $25,000.00 (twenty-five thousand dollars and no cents) (the "Settlement Amount") as damages for emotional distress. All payments of the Settlement Amount allocations shall be characterized as non wage compensatory damages and will be reported on IRS form 1099. No FICA/FUTA or other withholdings shall be made to the Settlement Amount. Mr. Mendoza shall be solely responsible for paying any federal, state and/or local taxes that may be due on the Settlement Amount, if any.

PDF created with pdfFactory trial version www.pdffactory.com

7. Within 10 days after entry of the Consent Decree, the EEOC shall provide the Company with Mr. Mendoza's address to which the Settlement Amount check shall be mailed and an executed W-9 form.

8. The Company shall pay the Settlement Amount within 20 days after entry of the Consent Decree.  The Company shall make payment to Audel Mendoza in the form of a business check, cashier's check, or certified check and shall mail via certified mail to Mr. Mendoza.  If the Company has not received the W-9 form within the time specified in paragraph 7, above, it may refrain from paying the Settlement Amount until 10 days after it has received the W-9 form.

9. At the time that the Company sends the check to Mr. Mendoza, it shall provide a copy of the check to Dana C. Johnson, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

**POSTING**

10. The terms of this Consent Decree shall be stated in a notice, attached hereto as Exhibit A, which shall be, and shall remain, posted in a clearly visible location frequented by employees at the Company's facility in Delhi, California during the term of this Consent Decree.

**DISCLOSURE OF INFORMATION REGARDING MR. MENDOZA'S EMPLOYMENT**

11. The Company shall not disclose any information or make references to any charges of discrimination or lawsuits in responding to employment reference requests for information about Audel Mendoza.

12. The Company agrees to segregate in separate, confidential folders all documents related to Mr. Mendoza's Charge of Discrimination and the Commission's lawsuit. These documents shall not be part of his personnel file. Further, the Company agrees not to reference any of the following to any potential employers of Mendoza:  the Charges of Discrimination, the Commission's lawsuits, or this Consent Decree entered in the Commission's lawsuit.

13. From the date of entry of this Consent Decree, the Company shall not disclose any information regarding its employment of Mendoza except as follows:

   a. In response to a specific inquiry, the Company may disclose dates of employment, position held and final rate of pay;

**CA 1:08-CV-01478 SKO**
**CONSENT DECREE**                                    4

PDF created with pdfFactory trial version www.pdffactory.com

b. The Company may report any information as required to state or federal authorities; and

c. The Company may disclose information as required by Court order or subpoena.

## **COMMUNICATION OF REPURCUSSIONS FOR ENGAGING IN RETALIATION**

14. The Company agrees that it shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct.  The Company shall communicate this policy to all of its supervisors and managers.

## **REPORTS TO THE COMMISSION**

15. Within thirty (30) days after entry of this Consent Decree, the Company will mail to counsel for the Commission a report containing the following information and documentation:

a. Confirmation that supervisory and managerial employees have been informed of this Consent Decree's injunction against retaliation and the consequences of engaging in retaliation;

b. Confirmation that Audel Mendoza's personnel file has been purged of any reference to the Somera, Soares and Mendoza Charges and the lawsuits arising therefrom; and

c. Confirmation that the posting required under paragraph 10 has been posted with identification of the locations of the posting.

## **RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

16. For purposes of enforcing the provisions of this Consent Decree, and pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the expiration of the Consent Decree.  This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Consent Decree because of noncompliance by the Company.  If the Commission determines that CPT has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to CPT with copy to Henry C. Truszkowski, Esq., Hewitt & Truszkowski, 4640 Lankershim Boulevard,

PDF created with pdfFactory trial version www.pdffactory.com

Suite 600, North Hollywood, California  91602, and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the Parties to the Decree for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds CPT to be in violation of the terms of the Consent Decree, the Court may extend this Consent Decree.

17. Except as provided in the preceding paragraph 16, three (3) years after the entry of this Consent Decree, this lawsuit will be deemed to have been dismissed with prejudice, provided that CPT has complied with the terms of this Consent Decree.  CPT will be deemed to have complied if the Court has not made any findings or orders during the term of this Consent Decree that the Company has failed to comply with any of the terms of this Consent Decree.  This Consent Decree will automatically expire without further Court Order.

| On Behalf of Plaintiff Commission | On Behalf of Defendant: |
|---|---|
| Dated: September 2, 2010 | Dated: September 2, 2010 |
| __/S/ (as authorized on 9/2/10)___<br>William R. Tamayo<br>Regional Attorney | _/S/ (as authorized on 9/2/10)_____<br>Henry Truszkowski<br>HEWITT & TRUSZKOWSKI |
| Attorneys for the EEOC | Attorney for California Psychiatric Transitions |

IT IS SO ORDERED.

Dated:   **September 15, 2010**          **/s/ Sheila K. Oberto**
                                                                       UNITED STATES MAGISTRATE JUDGE

**CA 1:08-CV-01478 SKO**
**CONSENT DECREE**                                             6

PDF created with pdfFactory trial version www.pdffactory.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

02 12 53

# EXHIBIT A

# EXHIBIT A

PDF created with pdfFactory trial version www.pdffactory.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

02 12 53

**NOTICE OF CONSENT DECREE**

     The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Eastern District of California entitled EEOC v. California Psychiatric Transitions, Inc., Case Number 1:08-cv-01478-SKO, alleging retaliation against Audel Mendoza. CPT denied any wrongdoing or liability.  Pursuant to a Consent Decree which resolved this lawsuit, Magistrate Judge Sheila K. Oberto of the U.S. District Court has ordered that this notice be posted until September 2013.

     Title VII makes it unlawful for any employer with 15 or more employees to retaliate against anyone who complains of discriminatory practices covered by Title VII, or who participates or assists in any manner in the investigation a charge of discrimination or lawsuit.

     Any CPT employee who feels that he or she has been retaliated against should bring it immediately to the attention of his or her immediate supervisor or Art Tharpe at (800)    -    . Regardless of whether you complain internally to CPT, you have a right to report allegations of employment discrimination, harassment or retaliation in the workplace to the EEOC which may be contacted at the address listed on the letterhead, above.  In compliance with federal law, no official at CPT will retaliate against an employee who contacts the EEOC or its state counterpart, the California Department of Fair Employment and Housing.

Dated:_____          _____
                                                                 John Hackett, M.D.

PDF created with pdfFactory trial version www.pdffactory.com